Robert P. Merten III (CA BAR NO. 261446)
Nicholas Kump (CA BAR NO. 306413)
SUTHERLAND ASBILL & BRENNAN LLP
500 Capitol Mall, Suite 2500
Sacramento, CA 95814
Phone: 916-241-0500
Fax: 916-241-0501
Email: robert.merten@sutherland.com
　　　　nick.kump@sutherland.com

Ann G. Fort (GA BAR NO. 269995)
　　*Pro Hac Vice pending*
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree St. NE Suite 2300
Atlanta, GA 30309
Phone: 404-853-8000
Fax: 404-853-8806
Email: ann.fort@sutherland.com

Attorneys for Plaintiff
CCA AND B, LLC

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CCA AND B, LLC, | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR** |
| MAUREEN MCGEE & MANUS MCGEE | **(I) Copyright Infringement** |
| Defendants. | **(II) Contributory Copyright Infringement** |
| | **(III) Trademark Infringement** |
| | **(IV) Unfair Competition** |
| | **(V) False Advertising** |
| | **(VI) Permanent Injunction** |
| | **JURY TRIAL DEMANDED** |

COMPLAINT

Plaintiff CCA and B, LLC, publisher of <u>The Elf on the Shelf</u> books and movies and creator of the accompanying Christmas scout elf doll and other characters, brings this action against Defendants Maureen McGee and Manus McGee ("Defendants"), individually, and for its complaint asserts as follows:

### **INTRODUCTION**

1. This is an action for copyright infringement and trademark infringement arising from Defendants' unauthorized advertising and sale of illegally manufactured Christmas elf dolls. Plaintiff brings this action to preliminarily and permanently enjoin Defendants' infringement of its copyrights and trademarks, and to recover damages resulting from Defendants' infringement.

### **THE PARTIES**

2. Plaintiff, CCA and B, LLC ("CCA & B" or "Plaintiff"), is a Georgia limited liability company duly authorized to transact business within the State of Georgia, with a principal place of business at 3350 Riverwood Parkway, Atlanta, Georgia, 30339.

3. Upon information and belief, Defendant Maureen McGee is an individual resident of the United Kingdom, residing at 119 Curtis Ave, Glasgow, G44 4NN.

4. Upon information and belief, Defendant Manus McGee is an individual resident of the United Kingdom, residing at 119 Curtis Ave, Glasgow, G44 4NN.

### **JURISDICTIONAL STATEMENT**

#### **Jurisdiction**

5. This is an action for counterfeiting, which spans several intellectual property claims, including but not limited to copyright infringement and trademark infringement. The trademark claims arise under the trademark laws of the United States, specifically 15 U.S.C. § 1114(1). The copyright claims arise under the copyright laws of the United States, specifically 17 U.S.C. §§ 101, *et seq*. Plaintiff also pleads federal unfair competition and false advertising pursuant to 15 U.S.C. § 1125(a). This Court has federal question subject matter jurisdiction in this matter, at least, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b) because this action arises under the laws of the United States, and Plaintiff pleads unfair competition complaints

joined with substantial and related claims under an Act of Congress related to copyrights and trademarks.

6. In addition, or in the alternative, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 under the principle of diversity, as the Defendants are aliens and the amount in controversy exceeds $75,000.

**Venue**

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendants are subject to personal jurisdiction in this district, and infringement occurred within this district.

**Intradistrict Statement**

8. This action arises in Santa Clara County because Defendants have had substantial contacts with the Federal District Court in Santa Clara County. This is an intellectual property action subject to district-wide assignment pursuant to Civil Local Rule 3-2(c).

**FACTUAL ALLEGATIONS**

**Background of CCA & B**

9. CCA & B is a family owned and operated publishing company, founded by Carol Aebersold with her daughters, Chanda Bell and Christa Pitts.

10. In 2005, Aebersold and Bell co-authored a children's book entitled "The Elf on the Shelf: A Christmas Tradition."

11. Since that time, CCA & B has continuously published, marketed, and sold this book alongside a line of Christmas elf dolls, and related products aimed at families with children.

12. In connection with the continued sale of its Christmas scout elf dolls, children's book, and other activity books, CCA & B obtained its first registration from the United States Patent and Trademark Office for the word mark THE ELF ON THE SHELF, No. 3533459, on November 18, 2008. A true and accurate copy of the registration is attached hereto as **Exhibit A**.

13. CCA & B has used its THE ELF ON THE SHELF mark in commerce throughout the United States and throughout the world continuously since October 1, 2005 in connection with the manufacture, distribution, sale, marketing, and advertising of its Christmas scout elf dolls, doll clothing and accessories, children's book, and other activity books. Attached hereto as **Exhibit B** are photographs of representative samples showing CCA & B's use of its THE ELF ON THE SHELF mark in connection with these goods.

14. "The Elf on the Shelf: A Christmas Tradition" is now a perennial best-selling book, having appeared annually on USA Today, Publisher's Weekly and The Wall Street Journal's Best-Selling Books lists as early as 2009. In fact, USA Today has called THE ELF ON THE SHELF properties "as ubiquitous as Santa Claus." The kit containing the book and Christmas scout elf doll (sold under THE ELF ON THE SHELF® trademark) are among the best-selling products of the winter season with more than 10 million kits sold in at least seven countries around the world.

15. For the past four years, CCA & B's Christmas scout elf doll giant balloon character has immediately preceded Santa Claus in the Annual Macy's Thanksgiving Day Parade, watched by more than 3.5 million spectators and more than 22 million additional television viewers all over the world.

16. CCA & B also maintains a large social media presence, and maintains official Facebook, Google+, Twitter, Instagram, and Pinterest pages for THE ELF ON THE SHELF.

17. In the past several years, the brand expanded its catalogue of titles with "The Elf on the Shelf: A Birthday Tradition," as well as with THE ELF ON THE SHELF branded book "Elf Pets: A Reindeer Tradition" and the motion picture "An Elf's Story" available on DVD and Blu-Ray.

18. Clothing for the Christmas scout elf doll is sold under the brand THE ELF ON THE SHELF Claus Couture Collection®, and the company also offers more than one hundred different licensed products using THE ELF ON THE SHELF brand, including personal care

- 4 -
COMPLAINT

1    products, jewelry and clothing, covered by federal trademark No. 5020389, a copy of which is

2    attached hereto as **Exhibit C**.

3         19.    CCA & B expends considerable effort in developing its intellectual property, and

4    relies upon the legal protections afforded to those intellectual properties to help make THE ELF

5    ON THE SHELF products such a beloved holiday brand.

6         20.    CCA & B has an extensive portfolio of registrations for its trademarks at the

7    United States Patent & Trademark Office, and copyright registrations at the United States Library

8    of Congress.

9         21.    CCA & B is the owner of a United States Copyright registration, No.

10   VA0001638505, issued March 20, 2008, entitled "The Elf on the Shelf Doll," covering its

11   original Christmas scout elf doll.

12        22.    CCA & B is the owner of a United States Copyright registration, No.

13   VA0001900888, issued January 15, 2014, entitled "The Elf on the Shelf – Boy Light Doll,"

14   covering its boy Christmas scout elf doll, a true and accurate copy of the registration is attached

15   hereto as **Exhibit D**.

16        23.    CCA & B is the owner of a United States Copyright registration, No.

17   VA0001901099, issued January 15, 2014, entitled "The Elf on the Shelf – Girl Light Doll,"

18   covering its girl Christmas scout elf doll, a true and accurate copy of the registration is attached

19   hereto as **Exhibit E**.

20        24.    At all times starting with and including first publication, CCA & B has included

21   with the Christmas scout elf doll a permanently attached tag noticing "CCA and B, LLC © 2005."

22        25.    Aebersold and Bell are also co-owners of a United States Copyright registration,

23   No. TXu001240474, issued May 15, 2005, entitled "The Elf on the Shelf: A Christmas Tradition"

24   covering the book entitled <u>The Elf on the Shelf: A Christmas Tradition</u>. CCA & B is the exclusive

25   licensee of all copyright rights in the book.

26. At all times starting with and including first publication, CCA & B's text and illustrations within <u>The Elf on the Shelf: A Christmas Tradition</u> have been accompanied by the following notice:

> Copyright © 2005 by CCA and B, LLC. All rights reserved. No part of this publication may be reproduced, stored in a retrieval system, or transmitted in any form or by any means, electronic, mechanical, photocopying, recording, or otherwise, without prior written permission of the authors.

27. CCA & B is the owner of a United States Copyright registration, No. VA0001698499, issued March 20, 2008, entitled "The Elf on the Shelf: A Christmas Tradition Illustrations" covering the artwork throughout <u>The Elf on the Shelf: A Christmas Tradition</u>.

28. The copyright for the work known as "An Elf's Story" is owned by Big Canoe Entertainment, LLC ("Big Canoe"), who also owns the registered trademark AN ELF'S STORY. CCA & B markets that product jointly with Big Canoe along with additional elf-related merchandise under an Agreement with Big Canoe Entertainment, LLC.

29. But THE ELF ON THE SHELF® is also a global brand, and CCA & B maintains registrations for its trademarks and copyrights in more than 25 nations throughout the world, including UK Registration No. 966832. A true and accurate copy of the registration is attached hereto as **Exhibit F**.

30. CCA & B has authorized distributors based in several countries, offering these products for sale world-wide online, and including sales in retail stores in North America, the U.K., Ireland, and Australia.

31. CCA & B's products, and the officially licensed products, are sold in more than 10,000 stores throughout North America and online throughout the world.

32. CCA & B has no affiliation, association, or connection, past or present, with the Defendants, and has not authorized Defendants to reproduce, prepare derivative works, distribute copies, perform, or otherwise display its copyrighted works.

**Defendants' Wrongful Conduct**

33. eBay, Inc. ("eBay") is a corporation organized under the laws of Delaware with business activities throughout the world and on the World Wide Web at www.ebay.com and related websites. eBay is headquartered at 2145 Hamilton Avenue, San Jose, California, 95125, which is located in Santa Clara County.

34. eBay is an internet service provider that facilitates users to buying and selling merchandise through eBay's website via individual user accounts. Individual product listings created by individual users include text and images hosted by eBay and accessible through eBay's webpage.

35. Upon information and belief, Defendants Maureen McGee and Manus McGee operate the eBay accounts "maureemcge0" and "onlinebeautifulbargains" accessible at http://www.ebay.co.uk/usr/maureenmcge0 and http://www.ebay.co.uk/usr/onlinebeautifulbargains, respectively (the "eBay Stores").

36. Upon information and belief, Defendants Maureen McGee and Manus McGee have jointly operated the eBay stores, offering products for sale and selling products therewith, since at least April 13, 2004.

37. Using eBay's website, through the eBay Stores, Defendants each offer for sale counterfeit Christmas elf dolls, along with "An Elf's Story" DVDs and elf-related accessories, adoption certificates, and other CCA & B branded items that infringe CCA & B's copyrights and trademarks. A copy of exemplary eBay listings are attached as **Exhibits G – K**.

38. Defendants' eBay listings include numerous photographs containing CCA & B's copyrighted Christmas scout elf doll and CCA & B's THE ELF ON THE SHELF mark, or a confusingly similar variant thereof, "ELF on the SHELF."

39. Defendants do not have any license, authorization, permission, or consent to use any of CCA & B's copyrights or trademarks.

40. The Christmas elf dolls Defendants are offering for sale are counterfeit; that is, they copy the appearance of CCA & B's Christmas scout elf doll, but without the permission of CCA & B, the copyright holder.

41. Upon information and belief, Defendants intentionally used CCA & B's THE ELF ON THE SHELF mark to attract business to their eBay Stores and to give the impression that some or all of the merchandise they were selling was "official" and authorized by CCA & B.

42. Upon information and belief, Defendants make their products available to, and have shipped products to, consumers in the United States as evidenced by the "Postage and Payments" section of the eBay listing attached hereto as **Exhibits J and K**.

43. Upon information and belief, Defendants fraudulently listed for sale "official DVD[s]" containing copyrighted copies of "An Elf's Story," however, Defendants' neither supplied, nor had intention to supply, authorized copies of the same.

44. Upon information and belief, Defendants', in lieu of providing "official DVD[s]" containing "An Elf's Story," they have provided consumers with instructions for locating and downloading unauthorized copies of the copyrighted videos from the internet.

45. On September 19, 2016, CCA & B contacted eBay and demanded the immediate removal of Defendants' listings containing images of the copyrighted Christmas scout elf doll and other infringing merchandise through the submission of a Notice of Claimed Infringement to vero@ebay.com identifying Defendants' listing 322265034753 on eBay's website as containing content infringing CCA & B's rights.

46. On September 26, 2016, CCA & B contacted eBay and demanded the immediate removal of Defendants' listings containing images of the copyrighted Christmas scout elf doll and other infringing merchandise through the submission of a Notice of Claimed Infringement to vero@ebay.com identifying Defendants' listings 322268717877 and 232092240008 on eBay's website as containing content infringing CCA & B's rights.

47. On September 20, 2016, Maureen McGee e-mailed CCA & B inquiring about eBay listing "322265034753 - elf on the shelf. official dvd, also red green pink elf +adoption

cert.UK seller" which she claimed was for an "Official 'elf on the shelf' DVD" requesting reinstatement.

48. On September 27, 2016, Manus McGee e-mailed CCA & B on behalf of himself and his wife inquiring about eBay listing "232092240008 - elf on the shelf. UK SELLER.Official DVD. Elf's (unbranded)+adoption certificate" and indicating the Defendants were "in the process of raising a small claims against the owners of elf on the shelf."

49. On September 27, 2016, Maureen McGee e-mailed CCA & B inquiring about eBay listing "322268717877 - ELF on the SHELF official DVD. Red, Green, Pink Elf (unbranded) with adoption cert" claiming that "The 'elf on the shelf' dvd is official merchandise" and that she "intend[s] to raise an action at the small claims court in Glasgow over this and will seek compensation of £60 per day that the Ad is removed."

50. On September 29, 2016, Maureen and Manus McGee replied to each e-mail they previously sent to CCA & B and stated only "please respond."

51. On October 7, 2016, CCA & B's authorized distributor in the United Kingdom, Baby Republic, was contacted by a customer who had purchased a counterfeit Christmas elf doll from Maureen McGee.  The customer indicated that when she contacted Defendants about her missing "Official DVD" she was informed that there was not supposed to be a DVD, and instead Ms. McGee shared how she had "downloaded a copy with 'uget' downloader from youtube" and suggested the customer do the same.

52. On October 12, 2016, despite the blatantly infringing nature of Defendants' conduct, Defendant Maureen McGee faxed eBay a completed copy of eBay's "Counter Notice Regarding Removed Listing(s)," attached hereto as **Exhibit L**, certifying that she has a good faith belief that she has valid rights in the removed listings.  By filing the counter notice Defendant Maureen McGee explicitly consented to jurisdiction of the Federal District Court for the judicial district in which the relevant service provider, eBay, is located: Santa Clara County.

53. Defendants knowingly materially misrepresented Defendants' acts by stating that it did not infringe CCA & B's rights by filing the October 12, 2016, Counter Notice.

54. Upon information and belief, Maureen McGee knowingly misrepresented that she "[had] a good faith belief that the listing(s) or other material(s) . . . identified by a Verified Rights Owner (VeRO) Program Participating [CCA &B], its agent, or law enforcement as allegedly infringing in a notice of claimed infringement was removed as a result of mistake or misidentification."

55. Defendants' use of CCA & B's Christmas scout elf doll and THE ELF ON THE SHELF brand is entirely unauthorized. Indeed, authorized sales of the Christmas scout elf doll occur only in a boxed set along with the book The Elf on the Shelf: A Christmas Tradition.

56. Defendants were aware that their conduct violated CCA & B's rights and indicated as much in their eBay listings, stating "eBay are removing many listings breaching copyright (you've probably noticed listing(s) you've been following being removed) This has happened to me…so hopefully this disclaimer will stop that."

57. Defendant's use of THE ELF ON THE SHELF mark and the Christmas scout elf doll in connection with their eBay Stores is in direct contravention of the copyright and trademark rights of CCA & B, and is likely to cause confusion in the marketplace.

58. Defendants' use of THE ELF ON THE SHELF and the Christmas scout elf doll in connection with Defendants' eBay Stores constitutes false endorsement of Defendants' business by CCA & B.

59. Defendants' unauthorized reproductions of CCA & B's copyrighted Christmas scout elf doll are in direct contravention of CCA & B's exclusive rights of reproduction and distribution under the copyright law.

60. Defendants are encouraging others to distribute copyrighted materials without permission including, Christmas elf dolls, "An Elf's Story" DVDs, and The Elf on The Shelf adoption certificates, thereby inducing additional infringement.

61. Defendants' actions in misappropriating and using CCA & B's trademarks and CCA & B's copyrighted work in connection with Defendants' eBay Stores is intentional and willful.

## COUNT I – COPYRIGHT INFRINGEMENT
## UNDER 17 U.S.C. § 501

62. CCA & B restates and incorporates herein by reference the averments set forth in the preceding paragraphs of this Complaint.

63. CCA & B's Christmas scout elf dolls are sculptural works, and are copyrightable subject matter under 17 U.S.C. § 102.

64. Defendants have been offering for sale, selling, and/or importing products that constitute unauthorized reproductions and/or derivatives of CCA & B's copyrighted works.

65. Defendants have caused to be posted images depicting sculptures substantially similar to CCA & B's copyrighted works in connection with their offers for sale.

66. Defendants' conduct violates CCA & B's exclusive right to control reproduction, distribution, creation of derivative works, and public display of copyrighted works, in violation of 17 U.S.C. §§ 106–122.

67. Defendants actually knew they were infringing CCA & B's copyrights, or recklessly disregarded that possibility.

68. Defendants' misappropriation and/or importation of CCA & B's copyrighted works is intentional and willful.

69. Defendants will continue to misuse CCA & B's copyrighted material unless enjoined by this Court.

70. Defendants' wrongful conduct, as set forth herein, has harmed, and will continue to harm, CCA & B in an amount not yet ascertained.

71. Defendants' intentional, willful, and blatant infringement in spite of CCA & B's warnings support an award of reasonable attorney's fees under 17 U.S.C. § 505.

72. As a direct and proximate result of Defendants' deliberate and intentional infringement and misrepresentation, Defendant has unlawfully profited and CCA & B has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT II – CONTRIBUTORY COPYRIGHT INFRINGEMENT

73. CCA & B restates and incorporates herein by reference the averments set forth in the preceding paragraphs of this Complaint.

74. CCA & B's genuine Christmas scout elf doll is accompanied by a story directing purchasers to display the doll without allowing children to touch it.

75. Defendants sold or offered for sale unauthorized reproductions of CCA & B's copyrighted Christmas scout elf dolls with knowledge that purchasers would likely display the dolls.

76. Public display of unauthorized reproductions of CCA & B's copyrighted sculpture violated one of CCA & B's exclusive rights under 17 U.S.C. § 106, and is a form of copyright infringement.

77. Defendants contributorily infringed CCA & B's copyright by knowingly inducing and/or materially contributing to the copyright infringement of third-parties, occurring when those third parties displayed the dolls.

78. Defendants will continue to contribute to misuse of CCA & B's copyrighted material unless enjoined by this Court.

79. Defendants' wrongful conduct, as set forth herein, has harmed, and will continue to harm, CCA & B in an amount not yet ascertained.

80. Defendants' intentional, willful, and blatant infringement in spite of CCA & B's warnings support an award of reasonable attorney's fees under 17 U.S.C. § 505.

81. As a direct and proximate result of Defendants' deliberate and intentional infringement and misrepresentation, Defendant has unlawfully profited and CCA & B has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT III – TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1114

82. CCA & B restates and incorporates herein by reference the averments set forth in the preceding paragraphs of this Complaint.

83. As set forth above, Defendants have, without CCA & B's consent, used in commerce a reproduction, infringing, or colorable imitation of CCA & B's registered THE ELF ON THE SHELF trademark in connection with the offer and sale of Defendants' unauthorized reproductions of CCA & B's copyrighted sculpture in the Christmas scout elf doll.

84. Defendants' unauthorized use of CCA & B's trademarks is likely to cause confusion, deception, or mistake among the consuming public as to the origin, sponsorship, and/or affiliation of the goods promoted and sold by Defendants, and to cause such persons to mistakenly believe that goods promoted and sold by Defendants originate from, are sponsored by, or are affiliated with CCA & B.

85. Defendants also have intentionally used in commerce CCA & B's trademarks, or confusing variations thereof, with the intent of trading upon the goodwill associated with the marks, knowing that such use infringes the trademark rights of CCA & B.

86. Defendants' actions constitute violations of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114.

87. CCA & B is entitled to an injunction against advertising and selling the merchandise, seizure and/or destruction of the counterfeit merchandise, trebling of damages, attorneys' fees, and/or statutory damages at CCA & B's election under 15 U.S.C. § 1117(c).

88. Defendants will continue to misuse CCA & B's trademarks unless enjoined by this Court.

89. Defendants' wrongful conduct, as set forth herein, has harmed, and will continue to harm, CCA & B in an amount not yet ascertained.

90. As a direct and proximate result of Defendants' deliberate and intentional infringement, Defendant has unlawfully profited and CCA & B has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT IV – UNFAIR COMPETITION
## UNDER 15 U.S.C. § 1125(a)

91. CCA & B restates and incorporates herein by reference the averments set forth in the preceding paragraphs of this Complaint.

92. As set forth above, Defendants have, without CCA & B's consent, used and are using the CCA & B's THE ELF ON THE SHELF trademark, CCA AND B trademark, Christmas scout elf doll copyright, and various other copyrights without any authorization from CCA & B. Defendants' advertising is designed to imitate, copy, and reproduce CCA & B's trademarks.

93. Defendants' aforementioned acts are likely to cause confusion, or to cause mistake, or to deceive the purchasing public as to the affiliation, connection, or association of Defendants and CCA & B.

94. Defendants' acts are likely to cause confusion or to deceive as to the origin, sponsorship, or approval of the unauthorized Christmas elf dolls and constitute a false designation of origin, sponsorship, approval, or certification, and a false description or representation of fact, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

95. Defendants' acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of CCA & B.

96. Defendants' conduct is likely to cause confusion, mistake, and deception, and constitutes unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).

97. Defendants will continue to misuse CCA & B's trademarks unless enjoined by this Court.

98. Defendants' wrongful conduct, as set forth herein, has harmed, and will continue to harm, CCA & B in an amount not yet ascertained.

99.     Defendants' use of the Christmas scout elf doll and THE ELF ON THE SHELF word mark is with knowledge and in willful disregard of CCA & B's rights therein.

100.    Defendants' acts have irreparably harmed CCA & B and will continue to irreparably harm CCA & B unless enjoined by the Court, as a result of which CCA & B is without adequate remedy at law.

101.    As a direct and proximate result of Defendants' deliberate and intentional infringement, Defendant has unlawfully profited and CCA & B has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT V – FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)

102.    CCA & B restates and incorporates herein by reference the averments set forth in the preceding paragraphs of this Complaint.

103.    Defendants advertise their unauthorized dolls as "Elf on the Shelf" dolls despite the fact that the dolls are neither manufactured nor distributed by the owner of THE ELF ON THE SHELF mark, or by its authorized distributors or retailers.

104.    Defendants' eBay listings misrepresent the nature, characteristics, qualities, and/or geographic origin of their unauthorized doll.

105.    CCA & B will likely suffer injury including, but not limited to, lost sales and lost reputation by Defendants' unauthorized sales and deceptive advertising.

106.    Defendants' conduct is likely to cause confusion, mistake, and deception, and constitutes false advertising under the Lanham Act, 15 U.S.C. § 1125(a).

107.    Defendants will continue to use deceptive advertising unless enjoined by this Court.

108.    Defendants' wrongful conduct, as set forth herein, has harmed, and will continue to harm, CCA & B in an amount not yet ascertained.

109.    As a direct and proximate result of Defendants' deliberate and intentional infringement, Defendant has unlawfully profited and CCA & B has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

- 15 -

COMPLAINT

## COUNT VI – PERMANENT INJUNCTION
## UNDER 17 U.S.C. § 502(a)

110. CCA & B restates and incorporates herein by reference the averments set forth in the preceding paragraphs of this Complaint.

111. Defendants' infringement continued after CCA & B's lawful DMCA notices instructed them to cease the infringing conduct, which evidences that Defendant is likely to engage in future wrongful conduct. *See Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 493 (6th Cir. 2007); *Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.*, 82 F.3d 1533, 1555 (10th Cir. 1996); *Pac. & S. Co., v. Duncan*, 744 F.2d 1490, 1499 (11th Cir. 1984); *cert. denied*, 471 U.S. 1004 (1985).

112. CCA & B does not have an adequate remedy at law to guard against future infringement by Defendants.

113. CCA & B requests a permanent injunction be entered against Defendants prohibiting continued infringement of CCA & B's copyrights and trademarks, pursuant to 17 U.S.C. § 502(a).

## PRAYER FOR RELIEF

WHEREFORE, CCA & B demands a judgment in its favor and demands the following relief:

1. An Order prohibiting and permanently enjoining Defendants from using any of CCA & B's copyrighted material.

2. An Order prohibiting and permanently enjoining Defendants from using any of CCA & B's trademarks.

3. A decree ordering custody to Plaintiff of all counterfeit Christmas elf dolls.

4. A decree ordering an accounting by Defendants to establish all profits realized as a result of the wrongful acts set forth in this Complaint.

5. A decree ordering Defendants to disclose the name, and all contact information currently in Defendants' possession, for all purchasers of Defendants' unlawful infringing products.

6. A decree ordering Defendants to disclose the name, and all contact information currently in Defendants' possession, for all suppliers of Defendants' unlawful infringing products.

7. A decree ordering Defendants to disclose to Plaintiffs all paper documents related to the infringing products, all electronically-stored information or communications, such as email, photographs or other images, orders for the infringing products, payment records, shipping records, and communications with customers and potential customers relating to the infringing products.

8. Judgment against Defendants, jointly and severally, specifically including but not limited to the following, to the extent allowed by law (including 17 U.S.C. §§ 503(a), 503(b), 504, 505, 512(f), 602(b), and 1203; and 15 U.S.C. § 1117(a) and 1117(b)):

    a) actual monetary damages sustained by CCA & B or statutory damages, per election by CCA & B prior to judgment;

    b) statutory damages for any individual act of infringement for which actual damages cannot be readily identified;

    c) the profits unlawfully earned by Defendant as a result of the unlawful acts, as set forth herein;

    d) impound and/or destruction of the infringing goods;

    e) a permanent injunction against future infringement, as set forth herein;

    f) treble damages;

    g) costs and prejudgment interest; and

    h) attorneys' fees.

Such other and further relief as the Court deems appropriate and just under the circumstances.

| | | |
|---|---|---|
| 1 | Date: October 26, 2016 | Respectfully submitted: |
| 2 | | SUTHERLAND ASBILL & BRENNAN LLP |
| 3 | | By: */s/ Nicholas Kump* |
| | |     Robert P. Merten III |
| 4 | |     Nicholas Kump |
| | |     Ann G. Fort |
| 5 | | *Attorneys for Plaintiff CCA and B, LLC* |

**JURY DEMAND**

CCA & B respectfully requests a jury trial on all disputed issues that are so triable.

Date: October 26, 2016                SUTHERLAND ASBILL & BRENNAN LLP
By: */s/ Nicholas Kump*
    Nicholas Kump
    *Attorneys for Plaintiff CCA and B, LLC*